FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 09, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:22-CR-00050-WFN-1 |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE |
| v. | |
| ENRIQUE RODRIGUEZ-MERCADO, | |
| Defendant. | **MOTION GRANTED IN PART AND DENIED IN PART** (ECF No. 35) |

Before the Court is Defendant's Motion to Modify Conditions of Release, **ECF No. 35**. Specifically, Defendant is requesting the Court to modify his conditions of pretrial release. Defendant requests removal of Condition No. 15, requiring him to participate in GPS monitoring and to be restricted to his residence at all times with the exception of activities pre-approved by U.S. Probation. Defendant states the GPS monitoring requirement is an undue financial hardship and the home detention condition is a burden for Defendant while attempting to care for his chronically ill wife.

The United States opposes the motion. U.S. Probation recommends that the Court impose a curfew for Defendant in if the home detention condition is removed and has no objection to the Court striking the GPS monitoring condition.

The Court finding good cause, **IT IS ORDERED** Defendant's Motion to Modify Conditions of Release, **ECF No. 35**, is **GRANTED IN PART AND**

ORDER - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DENIED IN PART.** The condition of Home Detention shall be stricken in favor of a Curfew condition. The electronic monitoring condition, however, shall remain in place. As the Court previously discussed at length in the prior Order at ECF No. 25, Defendant's prior evasion and/or willful disregard of his supervised release obligations in *United States v. Enrique Rodriguez-Mercado*, No. 2:17-CR-00101-WFN-11 suggests that a location monitoring condition is necessary. Accordingly, Condition No. 15 at ECF No. 25 shall be amended as follows:

**HOME CONFINEMENT/ELECTRONIC/GPS MONITORING**

**(15)** Defendant shall participate in a program of location monitoring and home confinement (the preferred location monitoring program is GPS Monitoring as soon as a GPS Monitoring unit becomes available to United States Probation) as follows:

**Location Monitoring:** Defendant shall wear, at all times, an electronic device under the supervision of the United States Probation/Pretrial Services Office. In the event Defendant does not respond to location monitoring or cannot be found, the United States Probation/Pretrial Services Office shall forthwith notify the United States Marshals Service, who shall immediately find, arrest and detain Defendant. Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the United States Probation/Pretrial Services Office;

AND/OR

**GPS Monitoring**: Defendant shall participate in a program of GPS confinement. Defendant shall wear, at all times, a GPS device under the supervision of U.S. Probation. In the event Defendant does not respond to GPS monitoring or cannot be found, the United States Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain Defendant. Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.

AND

ORDER - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Curfew**: Defendant shall be restricted to his/her residence every day from 7:00 p.m. to 7:00 a.m. except for medical emergencies and/or for any other matters pre-approved by United States Probation.

All other terms and conditions of pretrial release not inconsistent herewith shall remain in full force and effect.

**IT IS SO ORDERED**.

DATED September 9, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 3